# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13-CV-974-NAB |
| | ) |
| GLOBAL TEL LINK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of (I')sla Ballard for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee, and therefore, the motion will be granted. Furthermore, for the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an

arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Global Tel Link, Western Union, and Toyota Motor Company. Plaintiff alleges that defendants "participated in illegal actions of intentionally failing to NOT ask for (verified) personal identification when each defendant debited the plaintiff['s] bank account." Plaintiff claims that defendants violated his First Amendment rights, because "money is speech"; his Fourth and Fourteenth Amendment rights relative to the "security of [his] person and effects"; his Fifth and Fourteenth Amendment rights to not be deprived of life and liberty; his Eighth Amendment right to be free from cruel and unusual punishment; and his

Ninth and Fourteenth Amendment rights of "full protection and guarantee." In addition, plaintiff generally asserts pendent state-law claims for theft and fraud.

## Discussion

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). In the instant complaint, plaintiff has failed to allege, and there is no indication, that any of the named defendants are state actors within the meaning of § 1983. Moreover, plaintiff's allegations do not rise to the level of constitutional violations and fail to state a claim or cause of action under § 1983. For these reasons, the Court will dismiss this action pursuant to § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's pendant state claims are **DISMISSED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of May, 2013.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**